UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAN DWAYNE ASHWELL LAW,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, MAT WILLIAMS,<br><br>Defendants. | CASE NO. 2:25-cv-00584-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court sua sponte. The Court has examined self-represented Plaintiff Dan Dwayne Ashwell Law's complaint (Dkt. # 5) and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

# II

## BACKGROUND

On April 2, 2024, Law filed a complaint against the University of Washington and Mat Williams. Magistrate Judge Michelle L. Peterson granted Law in forma pauperis (IFP) status.

ORDER - 1

Dkt. # 4.  A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Law seems to allege that the Court has federal question jurisdiction over claims involving "malicious torture by mafia," "homosexual reprograming" and "Manchurian torture thru [sic] psychic driving."  *See* Dkt. # 5.  Law seeks $1.8 billion in damages.  *Id.*

### III
#### Discussion

Federal Rule of Civil Procedure Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8 does not demand detailed factual allegations, it does require "more than an unadorned, the defendant unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Simply stating the elements of a cause of action and then supporting it by mere conclusory statements does not suffice.  *See id*.  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*.  A plausible claim is where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" and is "context specific, requiring the court to draw on its experience and common sense."  *Id*. at 664–65.  Courts must accept all well-pleaded factual allegations as true and view the fact in the light most favorable to the pleading party, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), but this rule does not apply to legal conclusions, *see Iqbal*, 556 U.S. at 678.  For the

reasons below, even when liberally construing Law's claims, the complaint fails to state a claim that is plausible on its face.

The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The IFP statute affords "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation omitted). Claims are "clearly baseless" when that are "fanciful," "fantastic," or "delusional." *Id.* at 32–33 (*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Law pleads no factual content to support his cursory, fantastical assertions that Defendants committed "malicious torture by mafia" or "Manchurian torture." Law also states no cognizable legal theory to support these claims.

## IV
### Conclusion

For these reasons, the Court concludes that the complaint does not allege facts sufficient to establish any plausible claims, and thus fails to state a claim under which relief can be granted. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES without prejudice Law's claims with leave to amend within 14 days of the filing of this Order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Law's amended complaint fails to correct the noted deficiencies or fails to meet the required pleading standard, the Court will dismiss the matter with prejudice.

Dated this 7th day of April, 2025.

*John H. Chun*
———————————————
John H. Chun
United States District Judge

ORDER - 4